UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

-------------------------------------------------------------------

| | |
|---|---|
| SIMKO NORTH AMERICA LLC, | X |
| | : |
| **Plaintiff,** | : |
| | : |
| *v.* | : |
| | : |
| | : |
| DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; the UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Protection; JAMIESON GREER, in his official capacity as United States Trade Representative; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, | :<br>:<br>:   Case No. 26-03479<br>:<br>:   *Three-Judge Panel Requested*<br>:   (*28 U.S.C. § 255*)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| | : |
| **Defendants.** | X |

-------------------------------------------------------------------

## COMPLAINT

1.     Plaintiff Simko North America LLC brings this action to challenge the imposition and collection of the 10% *ad valorem* "temporary import surcharge" imposed by Proclamation No. 11012 (Feb. 20, 2026), 91 Fed. Reg. 9339 (Feb. 25, 2026) (the "Section 122 Proclamation"), under purported authority of Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132.

2.     On May 7, 2026, a three-judge panel of this Court held that Proclamation No. 11012 is invalid and that the duties imposed under it are "unauthorized by law." *State of Oregon, et al. v. United States*, Slip Op. 26-47, at 46 (May 7, 2026) (consolidated with *Burlap and Barrel, Inc.,*

*et al. v. United States*, Ct. No. 26-01606); *see also* Judgment, ECF No. 39, Ct. No. 26-01606 (May 7, 2026) (declaring Proclamation No. 11012 "invalid as contrary to law").

3.    Although the Court declared the Proclamation invalid, it expressly declined to enter universal injunctive relief and limited its injunction and refund order to the three plaintiffs the Court found had Article III standing as direct importers: the State of Washington (through its instrumentalities), *Burlap and Barrel, Inc., and Basic Fun, Inc.* Slip Op. 26-47 at 51–52. The Court explained that (*id*. at 51–52):

> The court finds standing in this case only with respect to Importer Plaintiffs, and those plaintiffs may be made whole by an injunction specific to them and refunds, with interest as provided by law, for any Section 122 duties paid before the injunction takes effect.

4.    On May 8, 2026, the Government filed Notices of Appeal to the U.S. Court of Appeals for the Federal Circuit. *See* Defs.' Notice of Appeal, ECF No. 40, Ct. No. 26-01606; Defs.' Notice of Appeal, ECF No. 51, Ct. No. 26-01472. The appeals have been docketed as Federal Circuit Nos. 2026-1804 (Oregon) and 2026-1805 (Burlap and Barrel).

5.    Plaintiff is the importer of record on entries of merchandise subject to the Section 122 Proclamation. The earlier injunction decisions of May 7, 2026 ruling allowed the 10% Section 122 surcharge to remain in effect against Plaintiff; and U.S. Customs and Border Protection ("CBP") assessed and collected the surcharge on Plaintiff's entries for so long as the surcharge was in effect. Plaintiff brings this action to obtain the same relief the Court awarded to the Importer Plaintiffs in Slip Op. 26-47: a declaration that Proclamation No. 11012 is invalid as applied to Plaintiff; and a refund, with interest, of all Section 122 duties Plaintiff has paid.

## JURISDICTION AND VENUE

6. This Court has exclusive subject-matter jurisdiction under 28 U.S.C. § 1581(i)(1)(B) because this action arises out of a law of the United States providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." *See also* Slip Op. 26-47 at 15–16 (sustaining § 1581(i)(1)(B) jurisdiction in action challenging Proclamation No. 11012).

7. This Court has authority to grant the relief sought, including declaratory judgment, and money judgment (including reliquidation of entries and refund of duties with interest), pursuant to 28 U.S.C. §§ 1585, 2643(a)(1), and 2643(c)(1).

8. This action is timely under 28 U.S.C. § 2636(i), which provides a two-year limitations period for civil actions commenced under 28 U.S.C. § 1581(i). Plaintiff's first entry subject to the Section 122 Proclamation occurred on or after February 24, 2026.

9. Plaintiff respectfully requests that this action be assigned to a three-judge panel pursuant to 28 U.S.C. § 255 because it raises constitutional and other issues of broad and significant implication in the administration and interpretation of the customs laws.

## PARTIES

10. Plaintiff is a Limited Liability Company with its principal place of business in Colorado Springs, Colorado. Plaintiff is engaged in *inter alia* the importation of chemicals and other products into the United States. Plaintiff is the importer of record on entries of merchandise imported into the United States which is subject to the 10% *ad valorem* surcharge imposed by Proclamation No. 11012. Plaintiff paid the additional 10% *ad valorem* surcharge imposed by Proclamation No. 11012 on entries of merchandise imported into the United States on or after February 24, 2026.

3

11.    Defendant Donald J. Trump is the President of the United States and is sued in his official capacity.

12.    Defendant Executive Office of the President is the federal entity that oversees core functions of the executive branch. It is headquartered in Washington, D.C.

13.    Defendant United States of America is the federal government of the United States and a statutory defendant under 28 U.S.C. § 1581.

14.    Defendant United States Customs and Border Protection ("CBP") is a federal agency, a component of the Department of Homeland Security, responsible for, among other things, securing the ports of entry and collecting duties on imported goods. It is headquartered in Washington, D.C.

15.    Defendant Rodney S. Scott is the Commissioner of United States Customs and Border Protection. He is sued in his official capacity.

16.    Defendant Jamieson Greer is the United States Trade Representative. He is sued in his official capacity.

17.    Defendant Office of the United States Trade Representative is the federal agency responsible for developing United States trade policy. It is headquartered in Washington, D.C.

18.    Defendant Department of Homeland Security ("DHS") is the federal agency of which CBP is a component.

19.    Defendant Markwayne Mullin is the Secretary of the Department of Homeland Security. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

**Statutory Framework: Section 122 of the Trade Act of 1974**

4

20.     The Constitution vests the "Power To lay and collect Taxes, Duties, Imposts and Excises" in Congress. U.S. Const. art. I, § 8, cl. 1. The President has no inherent authority to impose tariffs in peacetime. *Learning Resources, Inc. v. Trump,* 146 S. Ct. 628, 638 (2026); *see also* Slip Op. 26-47 at 29–30.

21.     Section 122 of the Trade Act of 1974 is a narrow and conditional delegation of tariff authority to the President, codified at 19 U.S.C. § 2132 and titled "Balance-of-Payments Authority." Slip Op. 26-47 at 5–6. Section 122 was enacted by Congress in January 1975. Trade Act of 1974, Pub. L. No. 93-618, 88 Stat. 1978; *see* Slip Op. 26-47 at 10.

22.     Section 122(a) authorizes the President to act:

> Whenever fundamental international payments problems require special import measures to restrict imports—(1) to deal with large and serious United States balance-of-payments deficits, (2) to prevent an imminent and significant depreciation of the dollar in foreign exchange markets, or (3) to cooperate with other countries in correcting an international balance-of-payments disequilibrium.

19 U.S.C. § 2132(a). In those circumstances, the President "shall proclaim, for a period not exceeding 150 days (unless such period is extended by Act of Congress)—(A) a temporary import surcharge, not to exceed 15 percent ad valorem. …" *Id.*

23.     Proclamation No. 11012 relied for authority on only the first of the three objective criteria listed in Section 122(a): "large and serious United States balance-of-payments deficits." It did not identify, and did not purport to rely on, the second or third criteria.

**Proclamation No. 11012**

24.     On February 20, 2026—the same day the U.S. Supreme Court held that the President's prior IEEPA-based tariffs were unlawful (*see Learning Resources*, 146 S. Ct. at 638–46)—the President issued Proclamation No. 11012, "Imposing a Temporary Import Surcharge to Address Fundamental International Payments Problems," 91 Fed. Reg. 9339 (Feb. 25, 2026).

5

25.    Proclamation No. 11012 imposed a 10% *ad valorem* duty on "all articles imported into the United States," subject to limited exceptions identified in Annexes I and II to the Proclamation. The duty took effect at 12:01 a.m. EST on February 24, 2026 and, by the Proclamation's terms, remains in effect until 12:01 a.m. EST on July 24, 2026, unless earlier suspended, modified, or terminated, or extended by Act of Congress. To date, Congress has taken no such action.

26.    Proclamation No. 11012 represents the first Presidential invocation of Section 122(a) since the statute's enactment roughly 50 years ago. Slip Op. 26-47 at 33 n.27.

27.    In support of its invocation of Section 122, Proclamation No. 11012 identified (i) a U.S. "trade deficit"; (ii) a deficit in the "balance on primary income"; (iii) a deficit in the "balance on secondary income"; (iv) a deficit in the "current account"; and (v) a negative net international-investment position. Proclamation No. 11012 ¶¶ 7–11.

28.    On February 23, 2026, CBP issued Cargo Systems Messaging Service ("CSMS") Message No. 67844987, "Imposing Temporary Section 122 Duties," implementing the Section 122 Proclamation and providing the HTSUS classifications for the additional duties and the exemptions.

**The CIT's May 7, 2026 Decision**

29.    On May 7, 2026, in *State of Oregon, et al. v. United States* and *Burlap and Barrel, Inc., et al. v. United States*, Slip Op. 26-47 (Ct. Nos. 26-01472 and 26-01606), a three-judge panel of this Court (Barnett, C.J., and Kelly, J., with Stanceu, J., dissenting) held that Proclamation No. 11012 is invalid as *ultra vires* of Section 122.

30.    Reviewing the legislative history of the Trade Act of 1974, the Court held that "balance-of-payments deficits" in Section 122(a)(1) is "a term of art, susceptible to a defined

meaning, and subject to objective measure within the traditional means of judicial review." Slip Op. 26-47 at 32. The Court concluded (*id.* at 33):

> The legislative history of the Trade Act of 1974 reveals that Congress understood balance-of-payments deficits to refer, at the time, to deficits in (1) liquidity, (2) official settlements, or (3) basic balance.

31.    Applying that construction, the Court held that Proclamation No. 11012 "relies upon current account deficits, and a discussion of 'a large and serious trade deficit,'" but that "[n]owhere does Proclamation No. 11012 identify balance-of-payments deficits within the meaning of Section 122 as it was enacted in 1974." Slip Op. 26-47 at 45–46.

32.    The Court rejected the Government's position that the President may select among sub-accounts of the balance of payments to identify a balance-of-payments deficit, reasoning that "if the President has the ability to select among the sub-accounts to identify a balance-of-payments deficit, unless every sub-account is balanced, the President would always be able to identify a balance-of-payments deficit." Slip Op. 26-47 at 39. Such an open-ended reading, the Court held, "would raise a non-delegation issue, which in turn would prompt a constitutional question" and so must be disfavored under the canon of constitutional avoidance. *Id*. at 40.

33.    The Court further held that the Government's own declaration "plainly acknowledges that the Proclamation does not rely upon the metrics used to measure balance-of-payments deficits discussed at the time of enactment." Slip Op. 26-47 at 42 (citing Decl. of Pierre Yared ¶¶ 43–44, ECF No. 35-1).

34.    The Court concluded (Slip Op. 26-47 at 46):

> Because the Proclamation's use of trade and current account deficits to stand in the place of balance-of-payment deficits within the meaning of the statute renders the Proclamation ultra vires … Proclamation No. 11012 is invalid, and the tariffs imposed on Plaintiffs are unauthorized by law.

35. The Court entered a permanent injunction in favor of, and ordered refunds with interest to, the three plaintiffs the Court found had standing as direct importers: the State of Washington (through the University of Washington), Burlap and Barrel, Inc., and Basic Fun, Inc. *See* Slip Op. 26-47 at 52–53; Judgment, ECF No. 39, Ct. No. 26-01606 (May 7, 2026). The Court expressly declined to issue a universal injunction, holding that "such relief is not merited here." Slip Op. 26-47 at 51.

36. On May 8, 2026, the Government filed Notices of Appeal in both consolidated actions. The Federal Circuit has docketed the appeals as No. 2026-1804 (*Oregon*) and No. 2026-1805 (*Burlap and Barrel*).

**Plaintiff's Status as Importer of Record and Resulting Harm**

37. Plaintiff is the importer of record on entries of merchandise subject to the Section 122 Proclamation. Plaintiff has filed entries on or after February 24, 2026 and has paid the 10% *ad valorem* Section 122 surcharge directly to the United States through its customs broker.

38. CBP assessed and collected the Section 122 duties on Plaintiff's entries through July 24, 2026.

## COUNT I

*Proclamation No. 11012 Exceeds the President's Statutory Authority Under Section 122*

39. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

40. Section 122(a)(1) authorizes the President to proclaim a temporary import surcharge only "[w]henever fundamental international payments problems require special import measures to restrict imports … to deal with large and serious United States balance-of-payments deficits." 19 U.S.C. § 2132(a)(1). The Proclamation invoked no other statutory authority.

41. As this Court held in Slip Op. 26-47, "balance-of-payments deficits" in Section 122(a)(1) is a term of art that Congress understood, at the time Section 122 was enacted, to refer to deficits in (1) liquidity, (2) official settlements, or (3) basic balance. Slip Op. 26-47 at 33. The Proclamation did not identify a balance-of-payments deficit within that meaning.

42. Instead, the Proclamation rested on deficits in the U.S. trade balance, current account, primary income, secondary income, and net international-investment position. None of those metrics is a "balance-of-payments deficit" within the meaning of Section 122 as Congress enacted it in 1974. Slip Op. 26-47 at 45–46.

43. The Government's own declaration in support of the Proclamation "plainly acknowledges that the Proclamation does not rely upon the metrics used to measure balance-of-payments deficits discussed at the time of enactment." Slip Op. 26-47 at 42.

44. Because Proclamation No. 11012 fails to identify a "balance-of-payments deficit" within the meaning of Section 122, it is *ultra vires* of the President's statutory authority. Slip Op. 26-47 at 46 ("Proclamation No. 11012 is invalid, and the tariffs imposed on Plaintiffs are unauthorized by law.").

45. Plaintiff has suffered, and will continue to suffer, harm by reason of the unlawful assessment and collection of Section 122 duties.

## COUNT II

### *In the Alternative—Section 122, If Construed to Authorize Proclamation No. 11012, Is an Unconstitutional Delegation of Legislative Power*

46. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

47. This Count is pleaded in the alternative to Count I. Plaintiff submits, as Count I alleges and as this Court held in Slip Op. 26-47, that Section 122 does not authorize Proclamation

9

No. 11012. But if Section 122 were construed to authorize the Proclamation—*i.e.,* if the President were held to possess discretion to identify a "balance-of-payments deficit" by reference to the trade deficit, the current account, or any other sub-account he chooses to select—then Section 122 so construed would effect an unconstitutional delegation of legislative power.

48.     Article I of the Constitution provides that "All legislative Powers herein granted shall be vested in a Congress of the United States," U.S. Const. art. I, § 1, and vests the "Power To lay and collect Taxes, Duties, Imposts and Excises" in Congress, *id*. § 8, cl. 1. The President possesses no inherent authority to impose tariffs in peacetime. *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628, 638 (2026); *see* Slip Op. 26-47 at 30.

49.     "The nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of Government." *Mistretta v. United States*, 488 U.S. 361, 371 (1989). When Congress delegates authority to the Executive, it must supply an "intelligible principle" to guide and confine the exercise of that authority. *See A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529 (1935); *Panama Refining Co. v. Ryan*, 293 U.S. 388, 430 (1935). "Congress must 'set forth standards sufficiently definite and precise to enable Congress, the courts, and the public to ascertain' whether Congress's guidance has been followed." *Gundy v. United States*, 588 U.S. 128, 158 (2019) (Gorsuch, J., dissenting) (quoting *Yakus v. United States*, 321 U.S. 414, 426 (1944)).

50.     As this Court recognized in Slip Op. 26-47, a construction of Section 122 permitting the President "to select among the sub-accounts to identify a balance-of-payments deficit," such that "the President would always be able to identify a balance-of-payments deficit," would "raise a non-delegation issue, which in turn would prompt a constitutional question." Slip Op. 26-47 at

10

39–40. This Court avoided that constitutional question by construing Section 122 narrowly, in accordance with the canon of constitutional avoidance. *Id*. at 40–41.

51.    This Court further recognized that "Section 122 would lack an intelligible principle if the President could simply identify any deficit account, or if the phrase 'balance-of-payments deficits' could change with context." Slip Op. 26-47 at 40 n.33.

52.    If the President's interpretation of Section 122 were accepted, and this Court's narrowing construction rejected, Section 122 would confer on the President effectively standardless authority to impose import surcharges of up to 15 percent *ad valorem* on all merchandise imported into the United States, for any claimed payments-related purpose, at his sole discretion, with no judicially or congressionally ascertainable limiting principle.

53.    A delegation of that breadth exceeds the core Article I power to lay and collect duties, exceeds the constitutional limits on the delegation of legislative power, and would be void. *See Schechter Poultry*, 295 U.S. at 539 (invalidating a "sweeping delegation of legislative power"); *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935).

54.    Accordingly, if Proclamation No. 11012 is not invalid as *ultra vires* under Count I, then Section 122, construed to authorize the Proclamation, is an unconstitutional delegation of legislative power, and the duties assessed and collected on Plaintiff's entries under the Proclamation are unlawful for that independent reason.

55.    Plaintiff has suffered, and will continue to suffer, harm by reason of the unlawful assessment and collection of Section 122 duties. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and grant the following relief:

11

a.  Declare that Proclamation No. 11012 is invalid as contrary to law and is *ultra vires* of Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, as applied to Plaintiff;

b.  Declare that the duties imposed under Proclamation No. 11012 on Plaintiff's entries are unauthorized by law;

c.  Order Defendants to reliquidate, or refund the Section 122 duties paid on, Plaintiff's entries made on or after February 24, 2026, together with interest as provided by law;

d.  Award Plaintiff its costs and attorneys' fees pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) and any other applicable provision of law; and

e.  Grant such other and further relief as the Court may deem just and proper.

\*                    \*                    \*

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
NEVILLE PETERSON LLP
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
jpeterson@npwny.com
*Counsel for Plaintiff*

August 4, 2026